IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MURPHY MURPHY AND MURPHY, P.C. and ROBERT J. MURPHY | : | |
| Plaintiffs, | | CIVIL ACTION |
| | : | NO. 19-0712 |
| v. | | |
| NATIONWIDE INSURANCE COMPANY | : | |
| Defendant. | | |

### MEMORANDUM

**JONES, II    J.**                                                                        June 5, 2019

### I.    INTRODUCTION

Plaintiffs commenced suit against Defendant in the Montgomery County Court of Common Pleas, alleging breach of contract and bad faith claims stemming from various alleged incidents and losses that occurred on and/or after February 7, 2018. Defendant removed the action to this Court, claiming that "Plaintiff [sic] and Defendant are citizens of different states and the amount [sic] controversy exceeds $75,000." (Removal Notice 2.) Upon removal, Plaintiffs filed the instant Motion to Remand. For the reasons set forth herein below, Plaintiffs' Motion shall be granted.

### II.    PROCEDURAL & FACTUAL BACKGROUND

On February 4, 2019, Plaintiffs filed their Complaint in the Montgomery County Court of Common Pleas, setting forth various allegations of injury and loss. In particular, Plaintiffs allege that on and/or after February 7, 2018, they experienced one or more thefts, fires, and break-ins at the premises located at 2341 Pennsylvania Avenue in Philadelphia, wherein they sustained losses

of equipment, materials, and valuable papers, as well as other unspecified "damages," unspecified "physical damages," and unspecified "injuries." (Compl. ¶¶ 6–7.) In Count One of Plaintiffs' Complaint, Murphy, Murphy & Murphy, P.C. demands judgment against Defendant "*in excess of $50,000 together with cost [sic], interest and counsel fees* and/or other such orders as are warranted in the interest of justice," and in Count Two, Robert Murphy prays for the same relief. (Compl. ¶¶ 12–15) (emphasis added).

On February 21, 2019, Defendant removed to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332. (Removal Notice ¶ 3.) Thereafter, Mr. Murphy contacted defense counsel to advise that he intended to file a Motion to Remand and stated "the damages clearly do not exceed $75,000." (Def.'s Resp. Opp'n ¶¶ 1; 4–6.) Defense counsel asked Mr. Murphy to sign a stipulation that the recoverable damages did not exceed $75,000, however Mr. Murphy refused to sign same. (Def.'s Resp. Opp'n ¶¶ 1; 4–6.) Plaintiffs subsequently filed the instant Motion to Remand "based on defendants [sic] defective and improper Notice of Removal over which this Court lacks jurisdiction pursuant to 28 U.S.C. Section [sic] 1332, 1441, 1446, 1447 and applicable law and rules." (Mot. Remand 1.) Defendant filed a Response in Opposition thereto and the matter is now ripe for review.

## III. STANDARD OF REVIEW

Section 1441(a) of Title 28 provides that civil actions filed in a state court in which a federal district court would have original jurisdiction are removable by the defendant. 28 U.S.C. §1441(a). Section 1446 clarifies that removal is accomplished by filing a Notice of Removal in the appropriate district court within 30 days of receipt of the original pleading by defendant. 28 U.S.C. §1446 (a), (b). That notice must contain a short and plain statement of the grounds for removal. *Id.* In cases in which subject-matter jurisdiction is lacking, the district court must remand the case to state court. 28 U.S.C. §1447(c). "The propriety of removal thus depends on

whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

The United States District Courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One instance in which this Court has subject-matter jurisdiction is when, pursuant to the diversity statute, the controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a)(1). The amount in controversy requirement is significant "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). This requirement applies to both removed cases and those originally filed in federal court. *See, e.g., Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). When assessing a plaintiff's motion to remand, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63, standardized how courts evaluate the amount in controversy requirement for removal actions.[1] This provision, codified at 28 U.S.C. §1446(c)(2), states that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2).[2] If the initial pleading seeks "nonmonetary relief" or if "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "removal of the action is proper . . . if the district court finds, *by the*

---

[1] *See Heffner v. LifeStar Response of N.J.*, No. 13-194, 2013 U.S. Dist. LEXIS 139176, at *10 (E.D. Pa. Sept. 13, 2013) (discussing Federal Courts Jurisdiction and Venue Clarification Act); *Frank Bryan, Inc. v. CSX Transp., Inc.,* Civ. No. 13-363, 2013 U.S. Dist. LEXIS 54300, at *5 (W.D. Pa. Apr. 15, 2013) (same).
[2] Said provision applies to all cases filed after January 6, 2012.

*preponderance of the evidence*, that the amount in controversy exceeds [$75,000]." *Id.* (emphasis added).

It is settled law in the Third Circuit that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett*, 357 F.3d at 396); *see also McCann v. George W. Newman Irrevoc. Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (reiterating that "[t]he party asserting diversity jurisdiction bears the burden of proof."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because Defendant herein removed this case to federal court, it bears the burden of establishing jurisdiction. *Frederico*, 507 F.3d at 193.

## IV. DISCUSSION

### A. Amount in Controversy

Section 1332(a) of Title 28 provides that the district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court's determination of the amount in controversy "must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "The *ad damnum* clause in the complaint is often a convenient and customary reference point to ascertain the amount in controversy." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil*, 545 U.S. 546 (2005). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable

reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Additionally, when calculating the amount in controversy, attorney's fees must be considered "if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

For this Court's jurisdiction to be invoked, *each plaintiff's* amount in controversy must exceed the $75,000 threshold. *Huber,* 532 F.3d at 244 ("Claims may not be aggregated among multiple plaintiffs to reach the required amount in controversy. Rather, each plaintiff's claim must stand on its own.") (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)). In this case, Plaintiffs' Complaint contains two *ad damnum* clauses. In Count One of Plaintiffs' Complaint, Murphy, Murphy & Murphy, P.C. demands judgment against Nationwide "*in excess of $50,000 together with cost [sic], interest and counsel fees* and/or other such orders as are warranted in the interest of justice," and in Count Two, Mr. Murphy prays for the same relief. (emphasis added) (Compl. ¶¶ 12–15.) Consistent with the Third Circuit's holding that "[t]he court must measure the amount in controversy 'not…by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated,'" *Werwinski*, 286 F.3d at 666 (quoting *Angus*, 989 F.2d at 145), this Court cannot conclude that Plaintiffs' *ad damnum* clauses seeking damages in excess of $50,000 is dispositive of Defendant's claim that the amount in controversy exceeds $75,000. *See also Heffner v. LifeStar Response of N.J.*, No. 13-0194, 2013 U.S. Dist. LEXIS 139176, at *14 (E.D. Pa. Sep. 27, 2013) (holding that where a plaintiff sought damages "in excess of $50,000," and where the defendant bore the burden of proving by a preponderance of the evidence that the damages exceeded the federal jurisdictional minimum, but presented no record evidence to prove this, remand to state court was appropriate).

Defendant additionally claims that Plaintiffs' demands for attorney's fees further demonstrate that the amounts in controversy exceed the $75,000 threshold.[3] Plaintiffs' claims for attorneys' fees are presumably based in their allegations that Defendant acted in bad faith in refusing to honor the terms of the insurance policy allegedly covering Plaintiffs' losses. *See, e.g., Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 496–97 (3d Cir. 2015) (holding that, "[u]nder Pennsylvania law, bad faith by an insurance company can give rise to two separate causes of action: a breach of contract action for violation of an insurance contract's implied duty of good faith, and a statutory action under the terms of Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. §8371."). Pennsylvania law provides that attorneys' fees are recoverable upon a finding that an insurer has acted in bad faith. 42 Pa. Cons. Stat. §8371(3). Even still, as Defendant pointed out in its Response to the instant Motion, Plaintiff Robert J. Murphy stated that "the damages clearly do not exceed $75,000." (Def.'s Resp. Opp'n ¶¶ 1; 4–6.) Plaintiffs, who chose to file in state court, apparently elected to use the language "in excess of $50,000" in the *ad damnum* clauses in order to avoid mandated arbitration. *See* 42 Pa.C.S. §7361.[4] This, coupled with Defendant's own admission that Mr. Murphy told defense counsel "the damages clearly do not exceed $75,000," supports a finding that Plaintiffs' claims do not exceed the necessary threshold amount provided for in the statute. (Def.'s Resp. Opp'n ¶¶ 1; 4–6.)

The Supreme Court has established the standard for determining whether the required amount in controversy has been adequately alleged—the sum claimed by the plaintiff controls as

---

[3] Defendant's statement that Plaintiffs additionally claim "lost rent" and "punitive damages" is erroneous. (Removal Notice ¶ 6.) Plaintiffs' Complaint does not explicitly claim these damages. (ECF No. 1 at 10-15.)

[4] Recognizing that although this is not something that either party has raised in their briefing, in matters where subject matter jurisdiction is being questioned, "[e]ven if no party reaches the issue, the courts may take initiative and probe the sufficiency with which the amount in controversy has been pled." *Golden*, 382 F.3d at 354.

long as it was made in good faith. *Huber v. Taylor*, 532 F.3d 237, 243 (3d. Cir. 2008) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). No allegation of bad faith has been lodged against Plaintiffs by Defendant. This Court finds that the *ad damnum* clauses in Plaintiffs' Complaint do not definitively demonstrate that the amounts in controversy exceed $75,000, and that Defendant has not met its burden of proving otherwise. Further, Defendant's own admission that Mr. Murphy told defense counsel that "the damages clearly do not exceed $75,000" demonstrates that Plaintiffs do not seek damages in excess of the statutory threshold amount.

### 1. Losses, Injuries, and Damages Alleged Within Plaintiffs' Complaint

In determining the rights being litigated, this Court is "required to apply state law in converting the categories to monetary sums." *Samuel-Bassett*, 357 F.3d at 398; *see also Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 352-53 (1961) ("[T]he value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, although the federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case."). Accordingly, Pennsylvania law would apply to Plaintiffs' causes of action for breach of contract and bad faith. However, for the reasons discussed below, this Court is unable to make such a determination.

As noted at the outset, Plaintiffs' *ad damnum* clauses demand an amount "in excess of $50,000." (Compl. ¶¶ 12–15.) Plaintiffs' Complaint appears to use repetitive, boilerplate language, alleging many general losses and damages that took place either solely on one date in February 2018, or a series of losses and damages that occurred on and after that date. Plaintiffs repeatedly state their damages to have been "substantial losses, damages, physical damages, injuries, vandalism, theft, fire, break-ins, including involving equipment, material, valuable

7

papers, losses, damages, physical damages, fire, and injuries" involving the premises located at 2341 Pennsylvania Avenue, Philadelphia, PA. (*See, e.g.,* Compl. ¶¶ 2, 5-8, 10-11, 13-15.) Putting aside the boilerplate language contained within Plaintiffs' Complaint, this Court must consider specific injuries, of which Plaintiffs allege none. *Lewis-Hatton v. Wal-Mart Stores East, L.P.*, No. 13-7619, 2014 U.S. Dist. LEXIS 15419, at *11-13 (E.D. Pa. Feb. 7, 2014) (finding that where a defendant asserts removal based on boilerplate allegations in a plaintiff's Complaint, without more, the court is "left to guess at whether the jurisdictional threshold has been met; therefore, Defendant has not carried its burden."); *Cardillo v. Wal-Mart Stores, Inc.*, No. 14-1586, 2014 U.S. Dist. LEXIS 162900, at *1 (W.D. Pa. Nov. 21, 2014) (finding remand appropriate where despite a plaintiff's "boilerplate allegations as to his injuries and damages," the defendant failed to meet its burden.). Because Plaintiffs' Complaint contains only boilerplate language and no allegations of specific events and losses, any determination of same by this Court would constitute pure speculation. Again, it is Defendant's burden to prove that the jurisdictional threshold has been met and this Court finds that Defendant has not done so in this case.

### B. Plaintiffs' Refusal to Sign the Stipulation Limiting Damages

Defendant further urges this Court to construe Plaintiffs' failure to sign a stipulation limiting damages as proof that removal was proper. (Def.'s. Resp. Opp'n ¶¶ 1; 4–6.)[5] Courts within this Circuit have consistently refused to give conclusive effect to a plaintiff's refusal to so stipulate. "'[T]he majority of the opinions in the Eastern District of Pennsylvania' have found that

---

[5] It appears that here, Defendant requested that Plaintiff sign a stipulation capping the damages to $75,000 *after* Defendant had already removed to this Court. (Def.'s Resp. Opp'n ¶ 4 (stating that after Mr. Murphy informed defense counsel of his intent to seek a remand to state court and asserted that the "damages clearly do not exceed $75,000," defense counsel asked Plaintiff to execute a stipulation).)

8

a plaintiff's refusal to stipulate to a damages award of less than $75,000 does not, by itself, satisfy defendant's burden of proof." *See Urda v. Darden Rests., Inc.*, No. 18-3282, 2018 U.S. Dist. LEXIS 179544, at *6-7 (E.D. Pa. Oct. 18, 2018) (quoting *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp 2d 472, 475–76, 479 (E.D. Pa. 2013)); *see also Echevarria v. Schindler Elevator Corp.*, No. 14-2411, 2015 U.S. Dist. LEXIS 10341, at *9–12 (E.D. Pa. Jan. 26, 2015) (citing numerous cases within the Third Circuit demonstrating the repeated refusal to allow a plaintiff's refusal to sign a stipulation limiting damages as conclusive evidence of the amount in controversy exceeding the statutory threshold); *Lee v. Walmart, Inc.*, 237 F. Supp 2d 577, 580 (E.D. Pa. 2002) (holding "[w]hile a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, that fact may alone should not shoulder the burden of 28 U.S.C.S. §1332 jurisdiction.").

This Court may, in its discretion, consider evidence of a plaintiff's refusal to stipulate the damages as one factor in determining whether Plaintiffs' claims exceed the jurisdictional threshold. However, the amount in controversy must be calculated based on a "reasonable reading" of the Complaint, and a plaintiff's stipulation to the amount in controversy *subsequent to removal* is of "no legal significance" to the court's determination. *Werwinski*, 286 F.3d at 667 (quoting *Angus*, 989 F.2d at 145). As was appropriately recognized in this District:

> Defendants read too much into this unsigned stipulation. First, as best as this Court can tell, Plaintiffs' lawyer has not signed the stipulation prepared by opposing counsel, which is different from Plaintiffs refusing to agree to cap their damages. Lawyers tend to be cautious. It is therefore unsurprising that Plaintiffs' lawyer's first reaction to a stipulation limiting his clients' recovery was not to take out his pen and say, "where do I sign?" . . . But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry[.]

9

*Menard v. Hewlett Packard Co.*, No. 12-3570, 2012 U.S. Dist. LEXIS 100382, at *10-11 (E.D. Pa. July 19, 2012).

A party's failure to sign a stipulation limiting damages—though worthy of some consideration—is not dispositive of the amount-in-controversy issue, given that both defendants and plaintiffs typically seek to use it as a tactical advantage in removing cases. *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("The Court will not make a finding of its subject-matter jurisdiction upon the mere whim of Plaintiff's counsel to resist signing a stipulation . . . [r]emoving defendants cannot avoid their burden of establishing this Court's subject-matter jurisdiction by expecting that jurisdiction will be assumed unless disproven."). Thus, while Defendant asserts that "[t]he Complaint and Plaintiff's [sic] refusal to execute a Stipulation as to the amount in controversy in this case establish [sic] that the amount in controversy exceeds $75,000,"[6] said logic applies equally to a defendant who might seek to forum shop without meeting its burden.

In view of the foregoing, Plaintiffs' refusal to sign the Stipulation after Defendant herein had already removed the case, does not support Defendant's position.

### C.  Diversity of the Parties

Although not entirely clear from their filings, the parties apparently do not agree as to whether they satisfy the diversity of citizenship requirements of 28 U.S.C. §1332(a). Based on the record, this Court finds that the parties likely satisfy the diversity of citizenship requirements outlined in the relevant provisions of the statute. Notwithstanding, the issue of diversity is rendered moot by reason of Defendant's failure to satisfy its burden of proving that the threshold amount in controversy has been met.

---

[6] Def.'s Resp. Opp'n ¶ 1.

## V. CONCLUSION

As noted herein, the Third Circuit has cautioned that removal statutes are to be strictly construed against removal, and that all doubts should be resolved in favor of remand. With this directive in mind, Plaintiffs' Motion for Remand shall be granted, as Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II    J.